## LISBON *vs.* MERRILL.

The County Commissioners, under the provisions of *stat. ch.* 118, *sec.* 9, 10 and 11, are not restricted in the laying out a way, where the selectmen of a town shall unreasonably refuse, to a way exclusively *for the benefit of one or more individuals,* but the statute intended to embrace those cases also, where the way should be adjudged to be of *general benefit.*

The requirement of *stat. ch.* 500, *sec.* 5, is complied with by the County Commissioners, if they return an accurate plan *or* description of the way located ; *both* are not necessary. Held further, that this provision was intended to apply exclusively to *County roads.*

By the provisions of *stat. ch.* 500, *sec.* 5, re-enacted in the law of *March* 9, 1832, any one aggrieved by the decision of the County Commissioners in estimating damages, may make his application for a committee and other proceedings, at any time within *one year* next after the return shall have been recorded.

A just construction of the *statutes, ch.* 118 and *ch.* 399, requires that the *town* litigant, and not the *county,* should be answerable for *costs* as well as *damages,* where an individual had appealed from the decision of the County Commissioners ; and his damages had thereupon been increased.

THIS case, with the arguments of counsel, is sufficiently stated in the opinion of the Court, which was delivered by

PARRIS J.—This is an application for a *certiorari* to the county commissioners of this county, to send up the record of their doings on the petition of *William Merrill* and others, and also on the application of *Orlando Merrill. Certiorari* not being a writ which can be claimed as of right, but to be granted at the discretion of the Court, we have usually gone somewhat at large into an examination of the merits of the application, before granting the writ ; and if, on such examination, it is made to appear that the proceedings have been substantially correct; that the party complaining, and all others interested, have had seasonable opportunity to be heard, and in fact that no injustice has been done, — the writ has been usually withheld.

On looking into the proceedings of the county commissioners, so far as they have been spread before us, we do not perceive that the furtherance of justice calls for the action of this Court, or that if we should grant the writ, the town of *Lisbon* would be ultimately relieved from the obligation of opening and making the road, petitioned for by *William Merrill* and others, or from paying such damages as may, in consequence thereof, be sustained

by the said *Orlando Merrill.* It is true, that if found to be incorrect, we might quash the proceedings thus far, but it by no means follows, that all proceedings relative to opening said road, would thereupon cease.

The county commissioners have already, on full hearing of the town and all other parties interested, adjudged the road to be of common convenience and necessity to the inhabitants of said town, and although the selectmen might now refuse to lay it out again, in case all previous proceedings should be quashed, still the county commissioners might, and probably would do it, under the 10*th* sec. of *stat. ch.* 118 — which provides a remedy in cases of unreasonable delay or refusal by the selectmen.

By the papers before us it does appear, that the inhabitants of the town of *Lisbon* have had seasonable notice of every application, both in relation to laying out the road and to the assessment of damages, and have been fully heard at every stage of the proceedings.

Upon these grounds, therefore, according to the usual practice of this Court, we should be inclined to deny the writ.

But, as the parties have intimated a desire that the Court would give an opinion upon the several points raised in the argument, we proceed to the examination, under an assurance that the effect of our opinion will be to suppress further litigation upon this subject between the parties.

For the town it is objected, that the road laid out is not such a road as the county commissioners had authority to accept and approve, under the 11*th* sec. of *stat. ch.* 118. By the term private way, in the 9*th* and 11*th* *sections* of the *statute,* is not meant, exclusively, a way laid out for the benefit of one or more individuals. This is apparent from the phraseology of the 10*th* *section,* which provides, that if the selectmen shall unreasonably delay or refuse to lay out *any such private way,* the Court of Sessions may cause the same to be laid out by a committee, &c.; which committee shall estimate the damages occasioned thereby, the damages to be *paid by the town, if the road be of general benefit.* From this phraseology it is manifest, that the Court of Sessions had, and as their successors, the county commissioners have power, under the 10*th* sec., to lay out a way for the general

benefit of the town, when the selectmen unreasonably refuse to do it; and have also power, under the 11*th sec.*, to approve and allow of such way laid out by the selectmen, when the town unreasonably delay or refuse to approve and allow of the same. It is immaterial whether it be called town way or private way. Although denominated a private way it may be for the general benefit of the town, and as such the town will be answerable for all damages occasioned by the laying out.

By the record it abundantly appears, that the county commissioners laid out no new road, but merely exercised their authority under the 11*th sec.*, by accepting and approving the road, laid out by the selectmen, and ordering the same to be recorded in the town book. It then became a town or private way, legally laid out and established, and the commissioners adjudged it to be of common convenience and necessity to the inhabitants of the town.

We think that the commissioners, in no wise exceeded the authority conferred on them by statute.

The next objection, on the part of the town is, that the county commissioners did not make and cause to be recorded an accurate plan and description of said highway, and *stat. ch.* 500, *sec.* 5, is relied upon as requiring this to be done.

That section, in no case, requires a plan *and* description. It provides that the county commissioners " shall make a correct return of their doings under their hands, with an accurate plan *or* description of said highway, or common road, so laid out, altered or discontinued. A plan or description either, would answer this requirement, if it applied to such a case as the one under consideration. But the provision referred to, requiring a plan, has no application to this case. It relates wholly to county roads.

It is further objected by the town, *that the* application of *Orlando Merrill* for a jury to estimate his damages, was not entered within the time provided by *stat. ch.* 118, *sec.* 1.

By that section, any person aggrieved in the original assessment of damages, may apply to the Court of Sessions, " provided such application be made to the said Court, that shall be held in the same county, next after the acceptance of the return; and a jury may thereupon be appointed, &c. The accept-

ance of the return, which was in this case the acceptance and approval of the road by the county commissioners, was at the meeting of said commissioners holden on the *third* day of *September*, 1832, and the application for a jury to estimate damages was not until the meeting of the county commissioners on the *second* day of *September*, 1833, one meeting or more of said commissioners, having intervened between the acceptance of the road, and the preferring the application for a jury. It follows, therefore, that under the provisions of *ch.* 118, *sec.* 1, the application was not in season. But so much of this section as requires the application for a jury to be made at the court that shall be held *next after the acceptance of the return,* has been repealed by the provisions of a subsequent statute upon the same subject. By *stat. ch.* 500, *sec.* 5, it is provided that " any person or persons, corporation or corporations, aggrieved by the decision of said county commissioners in estimating damages, may have the same remedies and processes upon application to the county commissioners, at any regular session *within one year* next after such return shall have been recorded, as they now have upon application to the Court of Sessions; and by the 10th *sec.* all acts and parts of acts inconsistent with the provisions of this act, are repealed. The *5th sec.* of *stat. ch.* 500, was repealed by the Act in relation to highways passed *March* 9, 1832, but the clause above extracted from said 5th *sec.* is reenacted in *totidem verbis*. Such was the law upon this subject in *September* 1832, when the county commissioners accepted and approved of the road; and in *September*, 1833, when *Orlando Merrill* applied for a jury to estimate his damages; and as that application was made within one year next after the return establishing the road had been recorded, we think the requirements of law were complied with in that respect.

The last objection urged by the town against the record and doings of the county commissioners is, that said commissioners awarded costs against the town. It is urged that if the petitioner be entitled to costs they should be paid by the county, because the county commissioners erred in assessing the damages, the jury having increased them from $50 to $162. An argument, substantially like this in principle, was urged upon us, unsuccessfully,

in *Emerson* v. *the county of Washington,* 9 *Greenl.* 88. We cannot consider the county commissioners so far the agents of the county, as to render the latter liable for all errors in judgment, or mistakes in law which they may fall into. They constituted the proper tribunal to estimate the damages between these parties, viz. the town on the one part, and the owner of the land on the other, subject to the right of appeal to a jury, if the owner of the land should be dissatisfied. The damages have been finally determined in the legal mode. The delay and expense incurred, have been wholly attributable to the opposition and refusal of the town. If the report and doings of the Selectmen in laying out the road had been accepted by the town, and the Selectmen had agreed with the owner of the land, as to damages, none of the proceedings, which have been had before the county commissioners, or the jury summoned by their order, would have been required. We think that the true and just construction of *stat. ch.* 118, and *ch.* 399, requires that the town, in this case, should be answerable for costs as well as damages.

*Moody,* for the petitioners.

*Everett,* for the respondents.